IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'CONNOR,                     No   C 06-3706 - VRW

    Plaintiff,                    ORDER

    v

STARBUCKS CORP,

    Defendant.
_____/

    Plaintiff alleges that defendant's policy of requiring its California-based employees to launder their work aprons violates Title 8 of the California Code of Regulatins, § 11070 9(A), which provides that "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer." Doc #1 at ¶¶1, 34.

    Based on the Industrial Welfare Commission's (IWC)[1] "explanation" of subsection 9(a), the court understands the crux of the dispute in this case to be whether the aprons issued by defendant require either:

---

[1] Although the Industrial Welfare Commission (IWC) was defunded by the California Legislature effective July 1, 2004, its orders remain in effect. <u>Bearden v US Borax, Inc</u>, 138 Cal App 4th 429, 434 (2006).

      (a)   "minimal time for care, e g, uniforms made of a material requiring only washing and tumble or drip drying" or

      (b)   "ironing or dry cleaning or * * * special laundering * * *"

Doc #52, ¶1, Ex A. If the former, defendant owes plaintiff no obligation under subsection 9(a); if the latter, defendant must "maintain or provide a maintenance allowance for" its aprons. See id.

Pursuant to FRCP 23, plaintiff moved for class certification on June 7, 2007, seeking certification of the following class:

> All persons who are/were employed by Starbucks Retail, Inc in one or more of Starbucks California retail stores and who were required to maintain Starbucks issued uniforms at any time between May 9, 2002 and the present.

Doc #43 at 7

Defendant opposes certification, contending that the proposed class is neither adequately defined nor clearly ascertainable because it includes many employees who are not entitled to relief. See Doc #48 at 12:14-16 (asserting that plaintiff "seeks to certify a class so broadly, and which bears no relation to his only colorable claim, that 99.99% of its members will be entitled to no relief even if [plaintiff] establishes liability on the merits"). The court agrees. Even if subsection 9(a) obliges defendant to "maintain" its employees' aprons, only employees who engaged in compensable conduct (i e, ironed, dry cleaned or specially laundered their apron) would be entitled to relief.

//

2

To the court it appears that the bulk of the controversy concerning the proposed class would be eliminated by defining the class as follows:

> All persons who are/were employed by Starbucks Retail, Inc in one or more of Starbucks California retail stores, who were required to maintain a Starbucks issued uniform at any time between May 9, 2002 and the present <u>**and who ironed, dry cleaned or specially laundered their uniform**</u>.

Rather than expending effort quarreling over plaintiff's overbroad class definition, the court invites the parties to direct their arguments to the court's proposed class definition. Accordingly, the court ORDERS the parties to SHOW CAUSE on or before July 20, 2007, why the court should not certify the class proposed above. The court also CONTINUES the class certification hearing date to July 25, 2007, at 2:00 pm.

As guidance, the court notes that many of the parties' arguments are appropriately presented in a motion for summary judgment, not one for class certification. If plaintiff "has demonstrated no cognizable injury," as the parties debate in their class certification briefs, see Doc #48 at 19; Doc #54 at 4, the court will entertain a motion for summary judgment.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge

3